IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a National Association, as Securities Intermediary for LIMA ACQUISITION LP, <br><br>*Plaintiff*, <br><br>v. <br><br>PHL VARIABLE INSURANCE COMPANY, <br><br>*Defendant*. | § § § § § § § § § § § § § § | Civil Action No. _____ |

## DEFENDANT PHL VARIABLE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS EMERGENCY MOTION TO QUASH DEPOSITION AND FOR ISSUANCE OF A PROTECTIVE ORDER

Plaintiff U.S. Bank National Association ("U.S. Bank") has unilaterally noticed the deposition of Marvin "Dale" Hobbs, a former employee of Defendant PHL Variable Insurance Company ("PHL"), to testify on topics and produce documents in direct contravention of a Court Order issued in the underlying action pending in the U.S. District Court for the District of Minnesota. Accordingly, pursuant to Federal Rule of Civil Procedure 26(c)(1), PHL respectfully moves this Court to quash U.S. Bank's Subpoena and Notice of Deposition of Marvin "Dale" Hobbs, issued by this Court on January 31, 2013, and issue a Protective Order

1

enjoining U.S. Bank from pursuing the deposition as currently noticed.[1]

## I. BACKGROUND

U.S. Bank has brought suit against PHL in Minnesota, seeking payment of death benefits allegedly owed under an insurance policy alleged by PHL to be void under applicable law. *See U.S. Bank Nat'l Ass'n*, as securities intermediary for *Lima Acquisition LP v. PHL Variable Ins. Co.*, No. 12-CV-877 (D. Minn. April 6, 2012). Despite this narrow question, U.S. Bank has sought broad discovery into a variety of PHL policies, practices, and corporate relationships. On January 18, 2013, the Minnesota Court issued an order limiting the scope of discovery in this matter, holding broadly that discovery is limited to matters bearing specifically on the procurement, issuance, and handling of the single policy and claim at issue in this case. *See* Exh. B: Memo. Op. & Order (Dkt. # 69), *U.S. Bank Nat.' Ass'n*, as securities intermediary for *Lima Acquisition LP v. PHL Variable Ins. Co.*, No. 12-CV-877 (D. Minn. Jan. 18, 2013). In particular, the Court denied U.S. Bank's request for all documents involving PHL's review and approval of premium-finance programs, reasoning that evidence regarding "PHL's approval of premium financing for any policy that it has ever issued" has no "bearing on whether PHL has breached the insurance contract at issue or [has]

---

[1] In the alternative, PHL requests that the Court remit this motion to the U.S. District Court for the District of Minnesota, where the underlying action is pending. *See, e.g., In re Digital Equip. Corp.*, 949 F.2d 228, 231 (8th Cir.1991); *United States v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 484-85 (D. Md. 2002); FED. R. CIV. P. 26(c) advisory committee's note.

been unjustly enriched by virtue of retaining the policy premiums." *Id.* at 6. The Court similarly denied U.S. Bank's request for various documents concerning PHL's compensation structure and all documents related to PHL's underwriting and claims handling, noting again that the only evidence germane to the current dispute is that which bears on this specific policy. *Id.* at 7–9. U.S. Bank did not seek review or reconsideration of the Order.

Twelve days later, on January 30, 2013, U.S. Bank notified PHL of the issuance of a subpoena commanding the deposition of, and production of documents by, Marvin "Dale" Hobbs, a former Technical Director of Underwriting for PHL. *See* Exh. A: Declaration of Shannon A. Lang ("Lang Decl."), ¶ 2 & Exh. A1: Subpoena and Notice of Deposition of Marvin "Dale" Hobbs. The subpoena requires Mr. Hobbs to appear at the Frederick Marriott in Frederick, Maryland, on February 14, 2013, and to produce a broad category of documents unlimited in time and scope, many of which have been deemed outside the scope of permissible discovery via the Minnesota Court's January 18 Order, and which may be privileged and/or contain confidential and/or personal identifying information about Mr. Hobbs and other PHL insureds. *See id.* For example, U.S. Bank demands testimony and documents regarding "[c]ommunications that relate to any underwriting policies, practices, procedures, or processes that PHL employed when reviewing life insurance policy

applications, and all Documents and Communications that relate to any claims handling policies, practices, procedures, or processes that PHL employed when investigating claims for death benefits," and information about Mr. Hobbs' compensation and possible "severance arrangements." *Id.* at 2.

In violation of Guideline 4(a) of this Court's Local Rules, U.S. Bank unilaterally noticed the deposition without any prior communication with the witness or with counsel for PHL. Representatives from and counsel for PHL are unavailable to participate in the deposition on February 14, 2013, due to prior commitments. Lang Decl. ¶ 3. PHL is in the process of seeking a protective order to enjoin U.S. Bank from seeking testimony and documents in violation of the January 18 Order. Lang Decl. ¶ 4. Accordingly, good cause exists to quash the subpoena and issue a protective order preventing U.S. Bank from proceeding with the deposition as currently noticed.

## II.   ARGUMENT

Federal Rule of Civil Procedure 26(c) empowers the Court to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by specifying the time and place of discovery and by limiting the scope of discovery and forbidding inquiry into certain matters. FED. R. CIV. P. 26(c).

U.S. Bank unilaterally noticed the Hobbs deposition without inquiring

whether representatives from and counsel for PHL were available to participate, which they are not. Lang Decl. ¶ 3. Further, the subpoena issued by U.S. Bank calls for testimony and the production of documents that the Minnesota Court has held are outside the scope of discovery in this case. Accordingly, PHL is seeking a protective order from the Minnesota Court to prevent U.S. Bank's disregard and violation of that Court's Order. *Id.* ¶ 4. U.S. Bank further seeks production of potentially privileged materials and materials containing confidential and personal private information of non-parties, including other insureds. *Id.* As such, good cause exists to quash the subpoena and issue a protective order enjoining U.S. Bank from pursuing the deposition as currently scheduled and noticed.

### III. CONCLUSION

For the reasons stated herein, PHL respectfully requests that the Court quash U.S. Bank's Subpoena and Notice of Deposition of Marvin "Dale" Hobbs and issue a Protective Order enjoining U.S. Bank from pursuing the deposition of Mr. Hobbs until the Minnesota Court hears and decides PHL's motion for a protective order and until a mutually agreeable time for all parties and the witness.

Dated: February 5, 2013                EDISON, McDOWELL & HETHERINGTON LLP

By _____
Aaron C. Storm (MD Bar No. 27330)
Shannon A. Lang (TX Bar No. 24070103)
Jason A. Richardson (TX Bar No. 24056206)
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
(713) 337-5580 tel.
(713) 333-5985
aaron.storm@emhllp.com

Attorneys for Defendant
PHL VARIABLE INSURANCE
COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2013, a true and correct copy of the foregoing was sent via electronic and first class mail to:

Thomas F. Nelson
tom.nelson@leonard.com
Steven P. Zabel
steven.zabel@leonard.com
Kadee J. Anderson
kadee.anderson@leonard.com
LEONARD, STREET & DEINARD
150 South Fifth Street, Suite 2300
Minneapolis, Minnesota 55402

Stephen G. Foresta
sforesta@orrick.com
Philipp Smaylovsky
psmaylovsky@orrick.com
51 West 52nd Street
New York, New York 10019-6142

                                                      Aaron C. Storm